UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM LELAND ) | |
| ) | |
| ) | CR-03-33-B-W |
| v. ) | |
| ) | CV-07-10-B-W |
| ) | |
| UNITED STATES OF AMERICA ) | |

### ORDER ON PLAINTIFF'S MOTION FOR RECUSAL AND ON MAGISTRATE JUDGE'S RECOMMENDED DECISION

On January 29, 2007, William Leland moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, asserting four grounds: (1) that the sentencing court erred in rejecting his motion to withdraw his guilty plea; (2) that his prior counsel gave him ineffective assistance by convincing him to plead guilty and entering into stipulations that curtailed the district judge's sentencing options; (3) that his prior counsel gave him ineffective assistance by entering into a plea agreement that waived his rights of appeal and by unreasonably delaying the filing of a motion to withdraw his guilty plea; and, (4) that his prior counsel gave him ineffective assistance by failing to keep him informed of the status of the case and failing to act in a timely manner. *Pet.'s Mot. to Vacate, Set Aside or Correct Sentence* (Docket # 1). On April 12, 2007, the Court referred the motion to Magistrate Judge Kravchuk and on June 13, 2007, the magistrate judge issued a recommended decision. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (Docket # 8) (*Rec. Dec.*). On June 20, 2007, Mr. Leland objected to the Recommended Decision and also moved to recuse this Judge from ruling on the objection. *Pet.'s Obj. to Recommended Decision 28 U.S.C. § 636(b)(1)(B)* (Docket # 10) (*Pet.'s Obj.*); *Pet.'s Mot. for Recusal* (Docket # 9) (*Mot. for Recusal*).

**I.    Motion for Recusal**

Mr. Leland moves for recusal because during sentencing, this Judge stated that he "reject[ed] emphatically any suggestion that Mr. Largay [Mr. Leland's prior counsel] was incompetent as to the Defendant's defense." *Mot. for Recusal* at 1 (quoting *Tr. of Sentencing Hr'g*: 16-17).  Three of Mr. Leland's four claims are premised on Mr. Leland's contention that Mr. Largay rendered ineffective assistance of counsel and Mr. Leland argues that "[i]n light of these emphatic statements, it would be appropriate to have another Judge review the Recommended Decision and preside over any further proceedings." *Id.* at 2.

In response, the Government correctly points out that Mr. Leland's claim is "contrary to longstanding legal rule and precedent in Section 2255 cases where post-conviction petitions are routinely and appropriately referred to judges familiar with the earlier criminal proceedings." *Gov't Opp'n to the Mot. for Recusal* at 1 (Docket # 12) (*Gov't Opp'n*).  In *United States v. Mala*, the First Circuit wrote that "the trial judge, by reason of his familiarity with the case, is usually in the best position to assess both the quality of the legal representation afforded to the defendant in the district court and the impact of any shortfall in that representation." 7 F.3d 1058, 1063 (1st Cir. 1993).  Thus, "fact-specific claims of ineffective assistance . . . must originally be presented to, and acted upon by, the trial court." *United States v. Leahy*, 473 F.3d 401, 410 (1st Cir. 2007) (quoting *Mala*, 7 F.3d at 1063); *see also United States v. Leland*, 196 Fed. Appx. 9, 9 (1st Cir. 2006).

Here, Mr. Leland presents a slightly different twist to the often rejected argument that the trial judge should not pass on § 2255 claims: he implies that because the trial judge previously expressed an emphatic view of the merits of the ineffective assistance issue, the judge should not review a subsequent objection based on the same argument.  But, this contention, as refined,

fares no better. First, the law does not prevent a judge from reconsidering a ruling; to the contrary, the law provides numerous vehicles for a judge to reconsider a prior ruling, one of them being a § 2255 petition. *See* Rule 4(a), Rules Governing Section 2255 Proceedings ("The clerk must promptly forward the motion *to the judge who conducted the trial and imposed sentence . . . .*") (emphasis added).

Second, even though Mr. Leland raised his ineffective assistance of counsel argument at sentencing, this does not preclude an effective re-argument, based on further evidence, a transcript of the controverted proceedings, a reassessment of legal authority, a recasting of the prior argument, the development of new angles on the same question, and a persuasive presentation. The First Circuit has said that even a judge's "erroneous ruling will not ordinarily be enough to warrant a writ of mandamus to the judge to recuse himself or herself." *In re United States*, 441 F.3d 44, 67 (1st Cir. 2006).

Third, the Advisory Committee's Notes reflect that the proper procedure for a movant who contends that the judge should be recused should file "an affidavit of bias." Rule 4(a), Rules Governing Section 2255 Proceedings advisory committee's note. Here, no such affidavit was filed. *See In re United States*, 441 F.3d at 65 ("A motion to recuse is a very serious matter and must have a factual foundation . . . .")

Finally, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Further, opinions "formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* To establish a bias or prejudice springing from the facts adduced or the events

occurring at trial, the movant must demonstrate bias "so extreme as to display clear inability to render fair judgment." *Id.* at 551; *Obert v. Republic Western Ins. Co.*, 398 F.3d 138, 145 (1st Cir. 2005) ("[N]either lawyers nor litigants are entitled to *tabula rasa* judges."). A judge has a "duty not to recuse himself or herself if there is no objective basis for recusal." *In re United States*, 441 F.3d at 67. If motions to recuse were granted "too easily," one concern is that the movants may use the motion strategically "to obtain a judge more to their liking." *Id.* Here, Mr. Leland has presented "no objective basis" to support his motion to recuse.

The Court denies Mr. Leland's motion to recuse.

## II.    The Magistrate Judge's Recommended Decision

The Court also affirms the Magistrate Judge's Recommended Decision. Mr. Leland's main challenge is to the Magistrate Judge's recommendation against holding an evidentiary hearing. When he initiated his petition, Mr. Leland urged that an evidentiary hearing "is necessary to clarify what actually took place in the relationship between the petitioner and his previous attorney." *Pet.'s Reply to the Gov't Resp. to the Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255* at 1 (Docket # 7). In his objection to the Recommended Decision, Mr. Leland has focused on three specific issues that in his view justify an evidentiary hearing: (1) the timing of the motion to withdraw; (2) the failure to proceed with an appeal of the denial of the motion to withdraw; and, (3) the failure to keep petitioner informed, to take requested action, and misplaced reliance on *Booker*. *Id.* at 1-5.

In his objection, Mr. Leland concurs with the Magistrate Judge's conclusion that the "issues surrounding the withdrawal of the guilty plea have been exhaustively examined." *Pet.'s Obj. to Rec. Dec.* at 2 (Docket # 10). Mr. Leland stresses, however, that it is precisely for this reason that he seeks an evidentiary hearing; namely, to explore the underlying circumstances

between his prior attorney and himself that should "drive[] further inquiry into the circumstances." *Id.* The problem is, however, that there is nothing in this record that would remotely suggest that such an inquiry would be fruitful. The prior denial of the motion to withdraw, and the Magistrate Judge's recommendation against this petition, accept the version of the chronology that Mr. Leland has consistently urged: that he demanded that Mr. Largay, his prior attorney, move to withdraw his plea in June 2004, approximately six months after he entered a guilty plea, and that Mr. Largay failed to act, waiting until January 19, 2005 to move to withdraw. However, as has repeatedly been made plain, even if the motion had been filed in June 2004, it would have been too late.

Mr. Leland now argues that the magistrate judge's analysis "elides the fact that time frame for withdrawal while important, is only one of five factors." *Id.* at 4. He states: "The District Court's inquiry on the issue was driven by the case law's presumption of a valid guilty plea and did not extend into the details of the counsel's actions *vis a vis* the Defendant." *Id.* This argument seems to imply that the delay in filing a motion to withdraw guilty plea is significant not for timing, but for one or more of the remaining four factors the Court must consider in evaluating whether a guilty plea should be withdrawn. If so, it is difficult to understand how trial counsel's delay in filing a motion to withdraw a guilty plea is relevant to factors other than delay. The same is true of Mr. Leland's contention that he was not adequately kept informed by his attorney as the case progressed, that Mr. Largay failed to undertake requested actions, and that he relied too heavily on the prospect of a dramatic change in the legal landscape following *Blakely* up to *Booker*.

But, there is no factual specificity to any of these arguments. Mr. Leland nowhere suggests what an evidentiary hearing would reveal to justify the relief he has requested. If the §

2255 petitioner wishes an evidentiary hearing, he must at a minimum present a plausible basis to conclude that the evidence would lead to a different result. Here, Mr. Leland has asserted no factual basis for such a conclusion. *Cf. Owens v. United States*, 483 F.3d 48, 61 (1st Cir. 2007) (holding that the district court abused its discretion in refusing to hold an evidentiary hearing, because the petitioner's allegations were not implausible, and a "final determination of the merits of [petitioner's] claim would be best served by greater development of the facts, many of which the Government disputes."). The Court concurs with the Magistrate Judge's recommendation against an evidentiary hearing, since the petitioner has failed to demonstrate that such a hearing would make a legal difference.

### III. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and the Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision, and determines that no further proceeding is necessary.

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 8) is hereby AFFIRMED.

2. It is further ORDERED that the Motion to Vacate, Set Aside or Correct Sentence (Docket # 1) be and hereby is DENIED.

3. It is further ORDERED that the Motion for Recusal (Docket # 9) be and hereby is DENIED.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of July, 2007